**Phillip G. Vermont, SBN 132035**
**pvermont@randicklaw.com**
**Patrick E. Guevara, SBN 202727**
**pguevara@randicklaw.com**
**RANDICK O'DEA & TOOLIATOS, LLP**
5000 Hopyard Road, Suite 400
Pleasanton, California   94588
Telephone      (925) 460-3700
Facsimile      (925) 460-0969

Attorneys for defendants FRANK WONG
and SIN YEE WONG

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation<br><br>          Plaintiffs,<br><br>    vs.<br><br>N-O-H-R PLAZA; FRANK MAN WAI WONG and SIN YEE WONG<br><br>          Defendants. | Case No.: C 07-5485 EDL<br><br>**ANSWER OF DEFENDANTS FRANK WONG AND SIN YEE WONG TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**JURY DEMAND** |

Defendants FRANK WONG and SIN YEE WONG (collectively "defendants") answer the complaint as follows:

## I.     INTRODUCTION

1.     Defendants lack information or belief sufficient to enable them to answer paragraph 1 of the complaint and based on this lack of information and belief deny the allegations therein.

2.      Defendants lack information or belief sufficient to enable them to answer paragraph 2 of the complaint and based on this lack of information and belief deny the allegations therein.

## II.     JURISDICTION AND VENUE

3.      Defendants admit that the Court has jurisdiction of the action insofar as the complaint alleges a violation of the Americans with Disabilities Act of 1990.  Defendants deny all other allegations in paragraph 3 of the complaint.

4.      Defendants admit that venue is proper in this Court.

5.      The allegations of paragraph 5 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants lack information or belief sufficient to enable them to answer paragraph 5 of the complaint and based on this lack of information and belief deny the allegations therein.

6.      Defendants lack information or belief sufficient to enable them to answer paragraph 6 of the complaint and based on this lack of information and belief deny the allegations therein.

7.      Defendants deny all allegations in paragraph 7 of the complaint.

8.      The allegations of paragraph 8 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants admit that they own the real property commonly known as 2089 East 14th Street, San Leandro, California (the "premises").  Defendants deny all other allegations in paragraph 8 of the complaint.

9.      The allegations of paragraph 9 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, Defendants deny all allegations in paragraph 9 of the complaint.

10.     Defendants deny all allegations in paragraph 10 of the complaint.

## III.     PRELIMINARY FACTUAL ALLEGATIONS

11.     Defendants admit that the strip mall located at 2089 East 14th Street, San Leandro, California is commonly referred to as "NOHR Plaza".  Defendants further admit that they carried

1   out construction on the premises from April 2007 through June 2007, which was inspected,
2   approved, and permitted by the City of San Leandro.  Defendants lack information or belief
3   sufficient to enable them to answer all other allegations in paragraph 11 of the complaint and
4   based on this lack of information and belief deny the allegations therein.

5          12.    Defendants lack information or belief sufficient to enable them to answer
6   paragraph 12 of the complaint and based on this lack of information and belief deny the
7   allegations therein.

8          13.    Defendants lack information or belief sufficient to enable them to answer
9   paragraph 13 of the complaint and based on this lack of information and belief deny the
10  allegations therein.

11         14.    Defendants lack information or belief sufficient to enable them to answer
12  paragraph 14 of the complaint and based on this lack of information and belief deny the
13  allegations therein.

14         15.    Defendants lack information or belief sufficient to enable them to answer
15  paragraph 15 of the complaint and based on this lack of information and belief deny the
16  allegations therein.

17         16.    Defendants lack information or belief sufficient to enable them to answer
18  paragraph 16 of the complaint and based on this lack of information and belief deny the
19  allegations therein.

20         17.    Defendants lack information or belief sufficient to enable them to answer
21  paragraph 17 of the complaint and based on this lack of information and belief deny the
22  allegations therein.

23         18.    Defendants lack information or belief sufficient to enable them to answer
24  paragraph 18 of the complaint and based on this lack of information and belief deny the
25  allegations therein.

26         19.    Defendants lack information or belief sufficient to enable them to answer
27  paragraph 19 of the complaint and based on this lack of information and belief deny the
28

3

allegations therein.

20.    Defendants lack information or belief sufficient to enable them to answer paragraph 20 of the complaint and based on this lack of information and belief deny the allegations therein.

21.    Defendants deny all allegations in paragraph 21 of the complaint.

22.    Defendants deny all allegations in paragraph 22 of the complaint.

23.    Defendants deny all allegations in paragraph 23 of the complaint.

24.    Defendants deny all allegations in paragraph 24 of the complaint.

25.    Defendants deny all allegations in paragraph 25 of the complaint.

26.    Defendants deny all allegations in paragraph 26 of the complaint.

27.    Defendants deny all allegations in paragraph 27 of the complaint.

28.    Defendants deny all allegations in paragraph 28 of the complaint.

29.    Defendants deny all allegations in paragraph 29 of the complaint.

30.    The allegations of paragraph 30 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants admit that they carried out construction on the premises from April 2007 through June 2007, which was inspected, approved, and permitted by the City of San Leandro. Defendants deny all other allegations in paragraph 30 of the complaint.

31.    Defendants admit that plaintiffs are seeking relief and damages but deny that plaintiffs are entitled to any relief or damages from them.

32.    Defendants deny all allegations in paragraph 32 of the complaint.

33.    Defendants admit that plaintiffs are seeking a court order and damages but deny that plaintiffs are entitled to the requested court order.  Defendants deny all other allegations in paragraph 33 of the complaint.

34.    Defendants admit that they carried out construction on the premises from April 2007 through June 2007, which was inspected, approved, and permitted by the City of San Leandro.  Defendants deny all allegations in paragraph 34 of the complaint.

35.     The allegations of paragraph 35 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants admit that they carried out construction on the premises from April 2007 through June 2007, which was inspected, approved, and permitted by the City of San Leandro. Defendants deny all other allegations in paragraph 35 of the complaint.

36.     The allegations of paragraph 36 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants deny all allegations in paragraph 36 of the complaint.

37.     Defendants lack information or belief sufficient to enable them to answer paragraph 37 of the complaint and based on this lack of information and belief deny the allegations therein.

## IV.     FIRST CAUSE OF ACTION

38.     Defendants incorporate by reference and allege their responses to paragraphs 1 through 37 of the complaint as though set for in full in this paragraph.

39.     The allegations of paragraph 39 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants lack information or belief sufficient to enable them to answer paragraph 39 of the complaint and based on this lack of information and belief deny the allegations therein.

40.     The allegations of paragraph 40 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants lack information or belief sufficient to enable them to answer paragraph 40 of the complaint and based on this lack of information and belief deny the allegations therein.

41.     The allegations of paragraph 41 of the complaint constitute legal conclusions that require no response.  To the extent that a response is required, defendants lack information or belief sufficient to enable them to answer paragraph 41 of the complaint and based on this lack of information and belief deny the allegations therein.

42.     The allegations of paragraph 42 of the complaint constitute legal conclusions that

1   require no response.  To the extent that a response is required, defendants lack information or

2   belief sufficient to enable them to answer paragraph 42 of the complaint and based on this lack

3   of information and belief deny the allegations therein.

4           43.     The allegations of paragraph 43 of the complaint constitute legal conclusions that

5   require no response.  To the extent that a response is required, defendants deny all allegations in

6   paragraph 43 of the complaint.

7           44.     The allegations of paragraph 44 of the complaint constitute legal conclusions that

8   require no response.  To the extent that a response is required, defendants deny all allegations in

9   paragraph 44 of the complaint.

10          45.     The allegations of paragraph 45 of the complaint constitute legal conclusions that

11  require no response.  To the extent that a response is required, defendants deny all allegations in

12  paragraph 45 of the complaint.

13          46.     Defendants admit that they carried out construction on the premises from April

14  2007 through June 2007, which was inspected, approved, and permitted by the City of San

15  Leandro.  Defendants lack information or belief sufficient to enable them to answer all other

16  allegations in paragraph 46 of the complaint and based on this lack of information and belief

17  deny the allegations therein.

18          47.     The allegations of paragraph 47 of the complaint constitute legal conclusions that

19  require no response.  To the extent that a response is required, defendants deny all allegations in

20  paragraph 47 of the complaint.

21          48.     The allegations of paragraph 48 of the complaint constitute legal conclusions that

22  require no response.  To the extent that a response is required, defendants deny all allegations in

23  paragraph 48 of the complaint.

24          49.     Defendants admit that plaintiffs are seeking relief but deny that plaintiffs are

25  entitled to any relief from them.

26                          **V.      SECOND CAUSE OF ACTION**

27          50.     Defendants incorporate by reference and allege their responses to paragraphs 1

28

6

1    through 49 of the complaint as though set for in full in this paragraph.

2        51.    The allegations of paragraph 51 of the complaint constitute legal conclusions that

3    require no response.  To the extent that a response is required, defendants lack information or

4    belief sufficient to enable them to answer paragraph 51 of the complaint and based on this lack

5    of information and belief deny the allegations therein.

6        52.    The allegations of paragraph 52 of the complaint constitute legal conclusions that

7    require no response.  To the extent that a response is required, defendants lack information or

8    belief sufficient to enable them to answer paragraph 52 of the complaint and based on this lack

9    of information and belief deny the allegations therein.

10        53.    The allegations of paragraph 53 of the complaint constitute legal conclusions that

11    require no response.  To the extent that a response is required, defendants lack information or

12    belief sufficient to enable them to answer paragraph 53 of the complaint and based on this lack

13    of information and belief deny the allegations therein.

14        54.    The allegations of paragraph 54 of the complaint constitute legal conclusions that

15    require no response.  To the extent that a response is required, defendants deny all allegations in

16    paragraph 54 of the complaint.

17        55.    The allegations of paragraph 55 of the complaint constitute legal conclusions that

18    require no response.  To the extent that a response is required, defendants deny all allegations in

19    paragraph 55 of the complaint.

20        56.    The allegations of paragraph 56 of the complaint constitute legal conclusions that

21    require no response.  To the extent that a response is required, defendants deny all allegations in

22    paragraph 56 of the complaint.

23        57.    The allegations of paragraph 57 of the complaint constitute legal conclusions that

24    require no response.  To the extent that a response is required, defendants deny all allegations in

25    paragraph 57 of the complaint.

26        58.    Defendants deny all allegations in the first sentence of paragraph 58 of the

27    complaint.  Defendants admit that plaintiffs are seeking recovery, relief, and attorneys fees but

28

1    defendants deny that plaintiffs are entitled to any recovery, relief, or attorneys fees from them.

2    Defendants deny all other allegations in paragraph 58 of the complaint.

3                    **VI.    THIRD CAUSE OF ACTION**

4          59.    Defendants incorporate by reference and allege their responses to paragraphs 1

5    through 58 of the complaint as though set for in full in this paragraph.

6          60.    The allegations of paragraph 60 of the complaint constitute legal conclusions that

7    require no response.  To the extent that a response is required, defendants lack information or

8    belief sufficient to enable them to answer paragraph 60 of the complaint and based on this lack

9    of information and belief deny the allegations therein.

10         61.    The allegations of paragraph 61 of the complaint constitute legal conclusions that

11   require no response.  To the extent that a response is required, defendants admit that they carried

12   out construction on the premises from April 2007 through June 2007, which was inspected,

13   approved, and permitted by the City of San Leandro.  Defendants lack information or belief

14   sufficient to enable them to answer all other allegations in paragraph 61 of the complaint and

15   based on this lack of information and belief deny the allegations therein.

16         62.    The allegations of paragraph 62 of the complaint constitute legal conclusions that

17   require no response.  To the extent that a response is required, defendants admit that they carried

18   out construction on the premises from April 2007 through June 2007, which was inspected,

19   approved, and permitted by the City of San Leandro.  Defendants lack information or belief

20   sufficient to enable them to answer all other allegations in paragraph 62 of the complaint and

21   based on this lack of information and belief deny the allegations therein.

22         63.    The allegations of paragraph 63 of the complaint constitute legal conclusions that

23   require no response.  To the extent that a response is required, defendants lack information or

24   belief sufficient to enable them to answer paragraph 63 of the complaint and based on this lack

25   of information and belief deny the allegations therein.

26         64.    Defendants deny all allegations in paragraph 64 of the complaint.

27         65.    Defendants deny all allegations in the first sentence of paragraph 65 of the

28
                                                                                          8

1  complaint.  Defendants admit that plaintiffs are seeking attorneys fees but deny that plaintiffs are

2  entitled to any attorneys fees from them.

3       66.    Defendants admit that plaintiffs are seeking relief but deny that plaintiffs are

4  entitled to any relief from them.

5  ### VII.    FOURTH CAUSE OF ACTION

6       67.    Defendants incorporate by reference and allege their responses to paragraphs 1

7  through 66 of the complaint as though set for in full in this paragraph.

8       68.    The allegations of paragraph 68 of the complaint constitute legal conclusions that

9  require no response.  To the extent that a response is required, defendants deny the allegations in

10  paragraph 68 of the complaint..

11       69.    The allegations of paragraph 69 of the complaint constitute legal conclusions that

12  require no response.  To the extent that a response is required, defendants deny the allegations in

13  paragraph 69 of the complaint.

14       70.    The allegations of paragraph 70 of the complaint constitute legal conclusions that

15  require no response.  To the extent that a response is required, defendants deny the allegations in

16  paragraph 70 of the complaint including any causes of action incorporated or repled therein.

17       71.    The allegations of paragraph 71 of the complaint constitute legal conclusions that

18  require no response.  To the extent that a response is required, defendants deny the allegations in

19  paragraph 71 of the complaint.

20  **<u>AFFIRMATIVE DEFENSES</u>**

21  **FIRST AFFIRMATIVE DEFENSE**

22       As a first separate and affirmative defense, defendants assert that the complaint, and each

23  cause of action therein, fails to state facts sufficient to constitute a cause of action against each

24  defendant.

25  **SECOND AFFIRMATIVE DEFENSE**

26       As a second, separate, and affirmative defense, defendants assert that the complaint, and

27  each cause of action therein, is barred by the doctrine of estoppel and that plaintiffs unreasonably

28

delayed the filing of the complaint and notifying defendants and that the delay is prejudicial to defendants in their defense of this action thereby barring or diminishing plaintiffs' recovery under the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate, and affirmative defense, defendants assert that plaintiffs failed and neglected to use reasonable care to minimize and mitigate the losses, injuries and damages complained of, if any.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate, and affirmative defense, defendants assert that the complaint, and each cause of action therein, is barred on the grounds that plaintiffs knowingly and voluntarily waived any and all rights to recovery any relief from the answering defendants.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate, and affirmative defense, defendants assert that they do not owe a duty to plaintiffs with regard to the allegations in the complaint, and that plaintiffs, therefore, are barred from recovering from the answering defendants.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate, and affirmative defense, defendants assert that the causes of action against the answering defendants are barred by the Business Judgment Rule.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate, and affirmative defense, defendants assert that plaintiffs' complaint and each cause of action therein are moot because defendants: (a) began construction to remodel the premises, including updated access for handicapped persons, before plaintiff YATES visited the premises; and (b) completed the remodel construction before plaintiffs' complaint was filed.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate, and affirmative defense, defendants are informed and believe, and therefore allege and assert as an affirmative defense that as to each cause of action, plaintiffs'

10

1   alleged damages, if any, were wholly or partly contributed to and proximately caused by third

2   parties over which defendants had no control.

3   **NINTH AFFIRMATIVE DEFENSE**

4       As a ninth, separate, and affirmative defense, defendants are informed, believe and

5   therefore allege as an affirmative defense that plaintiff YATES, by his own actions and conduct,

6   failed to exercise reasonable care and diligence on his own behalf, thereby causing or

7   contributing to his alleged damages, if any. Plaintiffs' recovery against defendants, if any, must

8   be reduced by the proportion of damages caused by his own acts and conduct.

9   **TENTH AFFIRMATIVE DEFENSE**

10      As a tenth, separate, and affirmative defense, defendants assert that the complaint, and

11  each cause of action therein, is stated in conclusory terms, and thereby defendants cannot fully

12  anticipate all affirmative defenses that may be applicable to this action. Accordingly, the

13  defendants hereby reserves the right to add additional affirmative defenses, if any, to the extent

14  such affirmative defenses are applicable to this action and/or become known in the course of

15  discovery.

16  **ELEVENTH AFFIRMATIVE DEFENSE**

17      As an eleventh, separate, and affirmative defense to the complaint and to each cause of

18  action contained therein, answering defendants allege that plaintiffs' complaint, to the extent that

19  it seeks punitive or exemplary damages, violates defendants' rights to procedural due process

20  under the Fourteenth Amendment of the United States Constitution, and the Constitution of the

21  State of California, and therefore fails to state a cause of action upon which either punitive or

22  exemplary damages can be awarded.

23  **TWELFTH AFFIRMATIVE DEFENSE**

24      As a twelfth, separate, and affirmative defense to the complaint on file herein and to each

25  cause of action contained therein, this answering defendant alleges that plaintiffs' complaint, to

26  the extent that it seeks punitive or exemplary damages, violates defendants' rights to protection

27  from "excessive fines" as provided in the Eighth Amendment of the United States Constitution

28                                                                              11

1  and Article I, Section 17, of the Constitution of the State of California, and violates defendants'

2  rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the

3  United States Constitution and the Constitution of the State of California, and therefore fails to

4  state a cause of action supporting the punitive or exemplary damages claimed.

5  **THIRTEENTH AFFIRMATIVE DEFENSE**

6  As a thirteenth, separate, and affirmative defense to the complaint and to each cause of

7  action contained therein, answering defendants allege on information and belief, and on that

8  basis allege that plaintiffs' complaint, and each cause of action therein, is barred by reason of

9  Article VI of the United States Constitution.

10  **FOURTEENTH AFFIRMATIVE DEFENSE**

11  As a fourteenth, separate, and affirmative defense to the complaint and to each cause of

12  action contained therein, answering defendants allege that all or part of plaintiffs' claims for

13  relief are barred by the relevant statute of limitations.

14  WHEREFORE, defendants deny that plaintiffs are entitled to any recovery, relief,

15  damages, or attorneys fees and pray that nothing be taken by reason of the complaint, that the

16  complaint be dismissed with prejudice, that judgment be entered in favor of defendants and that

17  defendants be awarded costs of suit incurred herein, including reasonable attorneys fees and such

18  other relief as the court deems proper.

19  Respectfully submitted,

20  Date:   December 19, 2007          RANDICK O'DEA & TOOLIATOS, LLP

21

22  By: _____

23         Patrick E. Guevara

24  Attorneys for defendants FRANK WONG
    and SIN YEE WONG

25

26

27

28                                                                                          12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Defendants FRANK WONG and SIN YEE WONG hereby demand a trial by jury.


Date:   December 19, 2007                    RANDICK O'DEA & TOOLIATOS, LLP


By:   _____
          Patrick E. Guevara

Attorneys for defendants FRANK WONG
and SIN YEE WONG

13